Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANDREW MOULTRIE,**

    **Plaintiff,**

**vs.**                                                      **Case No. 4:18cv381-RH/CAS**

**OFFICER R. HICKS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in August 2018 when he submitted a civil rights complaint, ECF No. 1, and motion requesting in forma pauperis status, ECF No. 2. Plaintiff's motion was granted and, based on the copy of his Trust Fund Account Statement submitted with the motion, Plaintiff was assessed an initial partial filing fee of $3.33 which was to be paid on or before November 26, 2018. ECF No. 5.

Payment was not made. However, Plaintiff submitted a "letter" in mid-November, requesting that "the bill" be sent to another person at another address. ECF No. 6. Plaintiff said that the other person would pay the assessed fee on his behalf. *Id.*

An Order was entered on January 2, 2019, advising Plaintiff that the Court would not inform another person about this case, nor would a "bill" be sent to someone else to pay the filing fee for Plaintiff.  ECF No. 7. Plaintiff's motion was denied and he was provided one final opportunity to submit payment of the assessed initial partial filing fee.  Additionally, Plaintiff was reminded that he must submit a signed Prisoner Consent Form to this Court as previously directed.  See ECF No. 5.

Plaintiff's deadline to comply was January 30, 2019.  Id.  Despite being informed that a recommendation would be made to dismiss this case if he did not comply, Plaintiff has not complied with either requirement as of this date.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R.

Case No. 4:18cv381-RH/CAS

Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not complied and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 5, 2019.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**